**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROZA STEPANYAN, | No. 10-71627 |
| Petitioner, | Agency No. A095-582-751 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

Roza Stepanyan, a native of Iran and citizen of Armenia, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her claim for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings and review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

Substantial evidence supports the BIA's finding that the harms Stepanyan and her family suffered in Armenia did not rise to the level of persecution on account of a protected ground. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482-84 (1992); *see Nagoulko v. INS*, 333 F.3d 1012, 1016-18 (9th Cir. 2003) (harassment, discrimination, and economic deprivation do not necessarily constitute persecution). Further, the BIA's decision belies Stepanyan's contention that it only considered the 2004 incident in finding she did not suffer past persecution. Substantial evidence also supports the agency's decision that Stepanyan does not have an objectively reasonable well-founded fear of future persecution. *See Nagoulko*, 333 F.3d at 1018 (possibility of future persecution is too speculative).

Finally, substantial evidence supports the agency's denial of CAT protection because Stepanyan did not establish it is more likely than not she will be tortured if returned to Armenia. *See Go v. Holder*, 640 F.3d 1047, 1053-54 (9th Cir. 2011).

**PETITION FOR REVIEW DENIED.**